**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**WESTERN DIVISION**

| | |
|---|---|
| JACQUE LOUIS MILLER,<br><br>   Petitioner,<br><br>vs.<br><br>NICK LUDWICK, Warden of the Iowa State Penitentiary,<br><br>   Respondent. | No. C14-4123-LTS<br><br>**REPORT AND RECOMMENDATION ON PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2254** |

## I. INTRODUCTION

This matter is before the court for a decision on the merits of a petition for writ of habeas corpus filed by a state prisoner who claims the State of Iowa violated his constitutional rights. A Woodbury County, Iowa, jury convicted petitioner Jaques Louis Miller (petitioner) of three counts of sexually abusing two teenage girls, and the State court sentenced him to thirty years in prison. Petitioner claims (1) a violation of his Sixth Amendment rights because his trial counsel was ineffective for failing to call a witness who would have allegedly provided exculpatory evidence, and (2) a violation of his Fourteenth Amendment rights because the trial court prevented him from cross examining one of the victims about her sexual activity.

Neither party sought an evidentiary hearing[1] or requested oral argument. In any case, I find a hearing unnecessary. Upon review of the record and having considered the arguments made by the parties in their pleadings, I recommend the district court deny the petition for the reasons set forth below.

---

[1] Title 28, United States Code, Section 2254(e)(2), generally bars evidentiary hearings in federal habeas proceedings, with certain exceptions not applicable in this case.

## II. PROCEDURAL HISTORY OF THIS FEDERAL CASE

On December 22, 2014, petitioner, an inmate at the Iowa State Penitentiary, filed a pro se petition, in the United States District Court for the Southern District of Iowa, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. The case was transferred to the Northern District of Iowa because his conviction occurred in this district. Doc. 5.

On January 30, 2015, the court appointed counsel to represent petitioner. Doc. 7. On April 8, 2015, the court entered a briefing scheduling order. Doc. 15. After granting several extensions of the deadlines set out in that order, on September 11, 2015, petitioner filed an amended and substituted application for habeas corpus. Doc. 22. The following day, petitioner filed his brief on the merits of his petition. Doc. 23. On November 4, 2015, respondent, Nick Ludwick, Warden of the Iowa State Penitentiary (respondent), filed his brief on the merits. Doc. 27.

On November 10, 2015, the court referred the case to Magistrate Judge Leonard T. Strand for a report and recommendation. Doc. 28. On December 23, 2015, the case was deemed ready for decision after the deadline for filing a reply brief passed. Doc. 29.

In mid-February, 2016, after Judge Strand was elevated to the District Court bench, the case was reassigned from District Court Judge Mark W. Bennett to Judge Strand, and I was reassigned the task of preparing a report and recommendation.

## III. FACTUAL AND PROCEDURAL HISTORY OF THE STATE CASE

The Iowa Court of Appeals previously summarized the relevant facts of the underlying criminal conduct in this case, which this court finds accurate upon its own review of the record.

In November 2010, B.P.'s sister, who was Miller's girlfriend, found sexual text messages from Miller to B.P. on B.P.'s cell phone. B.P.'s mother read the messages and called police. When B.P. learned her mother called police, she was "frantic," crying hysterically, and her "whole body was just trembling." B.P. told her mother Miller had "fucked her" and "that he wouldn't stop and that if she told that he was going to kill the—her and hurt the kids and her sister."

B.P. testified she would babysit her sister's children when her sister was at work. B.P. testified that the first sex act with Miller occurred when she was thirteen. She stated that after she put the children down to go to sleep, she was laying down and Miller came in and "then he started rubbing my legs and stuff and then he got on top of me and—yeah…. We had sex," by which she meant his penis entered her vagina. She testified the next time was a "couple days later" and she had her period so "[h]e put it in my butt." She stated, "I wanted him to stop because it hurt." She also testified she and Miller engaged in oral sex, but she could not state how many times this occurred because "I don't want to remember it." B.P. also testified Miller threatened he would hurt B.P. or her sister if B.P. told anyone about the sex acts. B.P. stated that sex acts occurred after she turned fourteen "[m]ore than once." Without objection, B.P. stated Miller and she would smoke marijuana together and that she took her sister [sic] pain pills.

In May 2010, A.W.'s mother intercepted a letter from Miller to A.W. in which he asked A.W. if she was pregnant. The mother turned the letter over to police. A.W. testified she met Miller in 2010 when she was fourteen. She stated they became "smoking buddies," smoking marijuana together. A.W. testified she and Miller had vaginal intercourse "more than a couple of times." At one point, she told Miller she believed she was pregnant with his child.

At trial, Officer Mike Simons testified about statements Miller made to him during a November 23, 2010 interview. During that interview, Miller admitted seeing and punching B.P.'s "big tits"; talking to her about having sex; texting her; and that B.P. thought he was cute and sexy and wanted to have sex with him. Miller told Officer Simons he did not have sex with B.P. because it was his girlfriend's "little sister, she's 14; he didn't want to do that to her." During that same interview, Miller admitted he engaged

in sex acts with A.W. though he thought she was eighteen. A recording of the interview was played for the jury.

Kelcey Stubbe of the Sioux City Police Department testified she interviewed Miller on November 1, 2010. Stubbe testified Miller initially denied having had sex with A.W., but when confronted with the letter A.W.'s mother intercepted, Miller told Stubbe he had engaged in vaginal sex with A.W. on just one occasion on May 2, 2010. However, Miller later stated there were three occasions of sexual contact.

Miller testified in his own defense. Miller testified he met A.W. through a mutual friend, they "smoked every now and then, and then later on we got into a relationship, started dating." He stated that in his interview with Officer Stubbe, he was nervous and scared because of prior dealings with police—he had two prior felony convictions. He stated he told Officer Stubbe about three instances of sexual contact with A.W. because that is "what I thought he wanted to hear." Miller testified his statements to Officer Stubbe were not true: "The touching and, you know, I guess fondling is true." But he denied actual intercourse with A.W. He also denied sexual contact with B.P. He stated B.P. was angry at him for throwing her cell phone and breaking it during an argument between himself and B.P.'s sister.

*State v. Miller*, 2012 WL 3027096, at *1-2 (Iowa Ct. App. July 25, 2012) (footnote omitted).

The State of Iowa charged petitioner on December 1, 2010, with three counts of sexual abuse in the third degree as a habitual offender. On April 21, 2011, after a three day trial, the jury convicted petitioner of all three counts. Trial Tr. 296.[2] The court sentenced petitioner to consecutive fifteen-year sentences for counts I and II, to be served

---

[2] Trial Tr. refers to the trial transcript dated April 19, 2011, through April 21, 2011, filed at Doc. 14, attachments 1-4. Although defendant's brief contains references to the Appendix, neither the physical copies of the appendix on file with the clerk's office, nor the electronic version on file with the court, are stamped with appendix page references. To point the court to specific pages in the state court record, therefore, I will reference them by document number and by page numbers appearing on the documents.

consecutively with a fifteen-year sentence on count III. *Miller*, 2012 WL 3027096, at *2.

On direct appeal, in a brief filed by counsel, petitioner argued the district court should have removed a particular prospective juror for cause, and that his attorney was ineffective for failing to object to testimony that petitioner smoked marijuana with the victims, and for failing to object to admission of petitioner's prior convictions. 2012 WL 3027096, at *3; Doc. 13-1. Petitioner also filed a pro se brief claiming, among other things, that his trial counsel was ineffective for failing to call certain witnesses, including, Damien Hayes, who he claims would have testified that he used petitioner's cell phone to text sexually-explicit messages to B.P. *Id*., at *4-5; Doc. 13-2, at 4. The Iowa Court of Appeals affirmed petitioner's conviction and sentence, rejecting all of these arguments on the merits. 2012 WL 3027096. The Iowa Court of Appeals also rejected all other arguments petitioner raised in his pro se filing because he failed to comply with Iowa Rule of Appellate Procedure 6.903(2)(g) in properly pleading the claims. 2012 WL 3027096, at *5 n.4. One of these other claims involved an assertion that the trial court erred in barring him from cross examining B.P. with evidence of her prior sexual activity. Doc. 13-2, at 5.

Petitioner filed an application for post-conviction relief in state court claiming, *inter alia,* his trial attorney was ineffective by failing to call Damien Hayes and failing to cross-examine B.P about her prior sexual activity. *Miller v. State*, 2014 WL 3511813, at *2 (Iowa Ct. App. July 16, 2014). Relying on an affidavit submitted by trial counsel, the district court found that petitioner never informed his trial counsel about Damien Hayes. Doc. 14-7, at 12-13. The district court found trial counsel was not ineffective under the *Strickland* standard for failing to cross examine B.P. because the court order barring cross examination of her prior sexual activity was not erroneous. Doc. 14-7, at 10-11. The Iowa Court of Appeals affirmed the district court, rejecting these two claims

of ineffective assistance of counsel because they were "unsupported" "bare allegation[s]." 2014 WL 3511813, at *2 & n1.

## IV. STANDARDS FOR SECTION 2254 HABEAS CORPUS RELIEF

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law." *Harrington v. Richter*, --- U.S. ----, 131 S. Ct. 770, 780 (2011). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) prescribes the standards for this court to review a state prisoner's petition for habeas corpus relief. A federal court will not grant a petition for writ of habeas corpus "unless it appears that (1) the applicant has exhausted the remedies available in the courts of the State [the exhaustion doctrine], (2) there is an absence of available State corrective process; or (3) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A)-(B). *See also Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (holding that under the AEDPA, a petitioner must exhaust available state remedies). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, a state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion doctrine "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *Boerckel*, 526 U.S. at 845.

In Iowa, a prisoner must seek review through the "ordinary and established appellate review process" which includes an application for further review in the Iowa Supreme Court. *Welch v. Lund*, 616 F.3d 756, 758–59 (8th Cir. 2010) (internal citation omitted) (holding that an Iowa prisoner failed to exhaust his claims in the State court when prisoner's appeal of the state district court's decision to the Iowa Supreme Court

was "deflected to the Iowa Court of Appeals" and the prisoner failed to file for further review in Iowa Supreme Court).

Even when a prisoner's claim has been fully adjudicated in state court, a federal court still may not grant habeas relief unless the state court adjudication:

(1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court; or

(2) Resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Woods v. Etherton*, 578 U.S. ----, 2016 WL 1278478, at *2 (Apr. 4, 2016) (*per curiam*) (quotations and citations omitted). *See also Nash v. Russell*, 807 F.3d 892, 896 (8th Cir. 2015) (holding that under the AEDPA, a federal court can grant habeas relief only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.") (quotation and citation omitted).

"Contrary to . . . clearly established Federal law," as referenced in §2254(d)(1), means that the "state court arrive[d] at a conclusion opposite to that reached by [the Supreme] Court on a question of law or confront[ed] facts that are materially indistinguishable form a relevant Supreme Court precedent and arrive[d] at a result" opposite to that reached by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (O'Connor, J., concurring and writing for the majority). Circuit "precedent does not constitute 'clearly established Federal law' . . . ." *Parker v. Matthews*, --- U.S. ----, 132 S. Ct. 2148, 2155 (2012). Federal courts must be deferential in determining if the state court decision was based on "an unreasonable determination of the facts" as described in §2254(d)(2). "In a proceeding instituted by an application for a writ of

7

habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

The burden is on the petitioner, and it is a heavy one. "The AEDPA standard is difficult to meet as it is intended 'as a "guard against extreme malfunction in the state criminal justice system," not a substitute for ordinary error correction through appeal.'" *Nash*, 807 F.3d at 397 (quoting *Harrington*, 562 U.S. at 102-03, and *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

## V. DISCUSSION

Petitioner argues he is entitled to relief on two grounds: (1) a violation of his Sixth Amendment right to effective assistance of counsel for allegedly failing to call a witness who petitioner claims would have provided exculpatory evidence; and (2) a violation of his Fourteenth Amendment right to due process because the State court barred him from cross examining one of the victims regarding her sexual activity. I will address each ground in turn.

### A. *Ground One—Sixth Amendment Violation*

Petitioner argues his trial counsel was ineffective for failing to subpoena Damien Hayes to testify at trial. Doc. 23, at 6. Petitioner claims he told his trial counsel about Hayes, and that Hayes would corroborate petitioner's trial testimony that he, not petitioner, sent the sexually-explicit texts to B.P. *Id*. Respondent argues this claim was rejected on state procedural grounds and is, therefore, procedurally barred; but, alternatively, the claim fails on the merits. Doc. 27, 9-15.

The Iowa Court of Appeals rejected petitioner's ineffective assistance of counsel claim regarding the failure to call Hayes as a witness on the ground that he failed to

8

comply with Iowa Rule of Appellate Procedure 6.903(2)(g)(3). *Miller*, 2014 WL 3511813, at *2. Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991) (holding that federal courts will not review an issue on habeas review where the petitioner failed to comply with state procedures). This includes instances where the state court "decline[s] to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Id*. The reason for this is because it does not provide the state court a fair opportunity to address the claim in the first instance. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (internal quotation and citation omitted). A petitioner may avoid this procedural default of his claim, but only upon a showing of cause and prejudice. *Welch v. Lund*, 616 F.3d 75, 760 (8th Cir. 2010). Here, petitioner has proffered no cause for his failure to properly plead this claim in state court so that the State had the first opportunity to address his claim on the merits. Having failed show cause for petitioner's failure to properly raise the claim, it is unnecessary for this court to consider whether he could satisfy the prejudice component. *Ashker v. Class*, 152 F.3d 863, 871 (8th Cir. 1998).

In any event, petitioner cannot show prejudice because his ineffective assistance of counsel claim fails on the merits. To demonstrate that his counsel was ineffective, petitioner must show "both deficient performance by counsel and prejudice." *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). Under the *Strickland* standard, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. Thus, "[a] convicted

defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. For this court on habeas review, furthermore, petitioner must show that the State court's holding that petitioner failed to show his trial counsel was constitutionally ineffective was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See*, *e.g.*, *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011) (noting that on habeas review, federal courts take a "highly deferential" review a claim of ineffective assistance of counsel); *Knowles v. Mizayance*, 556 U.S. 111, 112 (2009) (holding that in the context of a §2254 ineffective assistance of counsel claim, the question is not whether a federal court believes the state court's determination under *Strickland* was correct, but whether that determination was unreasonable, a substantially higher threshold).

The State court finding that petitioner's trial counsel was not ineffective was not contrary to, or an unreasonable application of, the *Strickland* standard. Indeed, petitioner failed to show either deficient performance or prejudice. The State district court found that petitioner never told his attorney about Hayes as a potential witness, and, therefore, petitioner's trial attorney's performance could not be deficient for failing to call a witness of whom the attorney had no knowledge. That State court finding of fact is entitled to a presumption of correctness. *See* 28 U.S.C. 2254(e)(1). Further, the Iowa Court of Appeals determined that petitioner provided no basis to establish that Hayes would have testified favorably to petitioner, and, therefore, petitioner cannot show his attorney's failure to call Hayes caused petitioner prejudice. *See Burt v. Titlow*, 134 S. Ct. 10, 18 (2013) ("It should go without saying that the absence of evidence cannot overcome the 'strong presumption that counsel' conduct [fell] within the wide range of reasonable

professional assistance.") (quoting *Strickland*). Even in this court, on habeas review, petitioner has not come forward with an affidavit or any other evidence, other than his bare allegation, again, that Hayes would testify favorably for him.

Accordingly, I find that petitioner has failed to show that the State court's rejection of petitioner's claim that his trial counsel was ineffective for failing to call Hayes as a witness was neither contrary to, nor an unreasonable application of, the *Strickland* standard.

### B. Ground Two— Cross Examination of the Victim

Petitioner argues the State court violated his Fourteenth Amendment right to due process when it barred him from cross examining B.P. about her character. Doc. 23, 7-8. Although petitioner does not explicitly describe the "character" evidence in his brief on the merits, the character evidence he sought to introduce at trial had to do with B.P.'s prior sexual activity. Petitioner's theory was that her prior sexual promiscuity would have shown she lied about her sexual inexperience, which would have called into question whether she was truthful about having sex with petitioner. Respondent argues that petitioner did not present this due process argument to Iowa state courts, and, therefore, is procedurally barred from raising it in this habeas litigation. Doc. 27, at 16-17. Respondent further argues that petitioner's claim fails to identify a Supreme Court case which the State court's decision was violated. Doc. 27, at 18. Finally, respondent argues that the State court ruling was correct. Doc. 27, at 18-20.

Petitioner did not make a claim in State court that barring cross examination of B.P. about her prior sexual activity violated his due process rights under the Fourteenth Amendment. To fairly present a claim in state court, a petitioner "is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Barrett*

*v. Acevedo*, 169 F.3d 1155, 1161-62 (8th Cir. 1999) (*en banc*). The State court barred the cross examination under Rule 5.412 of the Iowa Rules of Evidence. Petitioner claims his "appellate counsel would not argue the claim, nor would [his] post conviction relief counsel." Doc. 23, at 7. Petitioner concedes, therefore, the Iowa Court of Appeals did not address the issue. *Id*.[3] Having failed to fairly present the issue to the State court, petitioner is procedurally barred from raising it in his habeas petition to federal court. *Turnage v. Fabian*, 606 F.3d 933, 942 (8th Cir. 2002) ("Before seeking habeas corpus relief under §2254, a prisoner ordinarily must 'fairly present' his federal claims to the state courts."). Again, the court can excuse procedural default upon a showing of cause and prejudice. Petitioner, however, fails to allege cause, much less show it. In passing, he mentions that his attorneys did not raise the issue on appeal or in his habeas litigation, but he has not alleged or shown ineffective assistance of counsel as sufficient cause to excuse his procedural default.

Regardless, petitioner's habeas petition fails on the merits because he has not identified a Supreme Court precedent which the State court applied improperly. Indeed, petitioner does not cite any Supreme Court precedent to support his claim that the State court's ruling barring cross examination of the victim about her prior sexual activity was in error. Rather, petitioner cites only *United States v. Bear Stops*, 997 F.2d 451 (8th Cir. 1993). Circuit "precedent does not constitute 'clearly established Federal law' . . . ." *Parker*, 132 S. Ct. at 2155. In any event, *Bear Stops* is easily distinguishable because it involved admission of evidence that another person had previously sexually assaulted the victim, not evidence of the victim's alleged prior sexual promiscuity, which is

---

[3] Petitioner states the Iowa Court of Appeals did not address his pro se attempt to raise this argument on appeal because it was untimely (Doc. 23, at 7), but the Iowa Court of Appeals did not address this argument because he failed to comply with Rule 6.903(2)(g) of the Iowa Rules of Appellate Procedure by having an argument section setting out the issues raised, how they were preserved for appeal, the scope of review, etc. *Miller*, 2012 WL 3027096, at * 2 n.4.

generally protected by rape-shield statutes. *See*, *e.g.*, *Jackson v. Norris*, 651 F.3d 923, 926 (8th Cir. 2011) (in § 2254 case, finding State court did not rule contrary to, or improperly apply, federal law when it excluded evidence of child victim's prior sexual activity under Arkansas rape-shield law); *Jefferies v. Nix*, 912 F.2d 982, 984-85 (8th Cir. 1990) (in § 2254 case, finding no error when State court barred evidence of victim's prior sexual activity under Iowa's rape-shield statute).

Finally, I agree with respondent that the evidence against petitioner was sufficiently overwhelming that any error in constricting petitioner's cross examination of B.P. was harmless. *See Brecht v. Abrahmanson*, 507 U.S. 619, 637 (1993) (applying harmless error analysis to claimed violation of right to confront witnesses).

Accordingly, I find that petitioner has failed to show that the State court's ruling barring petitioner from cross examining his child victim about her prior sexual activity was contrary to, or an unreasonable application of, federal law as pronounced by the United States Supreme Court.

## VI. *CONCLUSION AND RECOMMENDATION*

For the reasons set forth above, I recommend that petitioner's habeas corpus petition be **dismissed with prejudice**. I further recommend the court deny petitioner a Certificate of Appealability because he has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(3).

Objections to this R & R must be filed within fourteen (14) days of the service of a copy of this R & R. 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b). Objections must specify the parts of the R & R to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Civ. P. 72. Failure to object to the R & R waives the right to *de novo* review by the district court of any portion of the

R & R as well as the right to appeal from the finding of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**IT IS SO ORDERED** this 22nd day of June, 2016.

_____
C.J. Williams
United States Magistrate Judge
Northern District of Iowa