# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| JACQUE LOUIS MILLER,<br><br>        Petitioner,<br>vs.<br><br>NICK LUDWICK, Warden of the Iowa State Penitentiary,<br><br>        Respondent. | No. C14-4123-LTS<br><br>**MEMORADUM OPINION AND ORDER ON REPORT AND RECOMMENDATION** |

## I. INTRODUCTION

This case is before me on a Report and Recommendation (R&R) by the Honorable C.J. Williams, United States Magistrate Judge, in which he recommends that I deny Jacque Louis Miller's petition (Doc. Nos. 1, 22) for writ of habeas corpus and that I decline to grant a Certificate of Appealability (COA). *See* Doc. No. 30. Neither party has objected to the R&R.

## II. APPLICABLE STANDARDS

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. THE R&R

After providing a detailed overview of the relevant factual and procedural history, Judge Williams accurately set out the standards for considering a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> "The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law." *Harrington v. Richter*, --- U.S. ---, 131 S. Ct. 770, 780 (2011). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) prescribes the standards for this court to review a state prisoner's petition for habeas corpus relief. A federal court will not grant a petition for writ of habeas corpus "unless it appears

that (1) the applicant has exhausted the remedies available in the courts of the State [the exhaustion doctrine], (2) there is an absence of available State corrective process; or (3) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(A)-(B). *See also Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (holding that under the AEDPA, a petitioner must exhaust available state remedies). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in the state court. In other words, a state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion doctrine "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts." *Beorckel*, 526 U.S. at 845.

In Iowa, a prisoner must seek review through the "ordinary and established appellate review process" which includes an application for further review in the Iowa Supreme Court. *Welch v. Lund*, 616 F.3d 756, 758-59 (8th Cir. 2010) (internal citation omitted) (holding that an Iowa prisoner failed to exhaust his claims in the State court when prisoner's appeal of the state district court's decision to the Iowa Supreme Court was "deflected to the Iowa Court of Appeals" and the prisoner failed to file for further review in the Iowa Supreme Court).

Even when a prisoner's claim has been fully adjudicated in state court, a federal court still may not grant habeas relief unless the state court adjudication:

> (1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme court; or
>
> (2) Resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fair minded jurists could disagree on the correctness of the state court's decision." *Woods v.*

> *Etherton*, 578 U.S. ---, 2016 WL 1278478, at *2 (Apr. 4, 2016) (*per curium*) (quotations and citations omitted). *See also Nash v. Russell*, 807 F.3d 892, 896 (8th Cir. 2015) (holding that under the AEDPA, a federal court can grant habeas relief only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.") (quotation and citation omitted).

Doc. No. 30, p. 6-7.

Judge Williams noted that Miller's petition presents two grounds for relief: (1) a violation of his Sixth Amendment rights because his trial counsel was ineffective for failing to call a witness who would have allegedly provided exculpatory evidence and (2) a violation of his Fourteenth Amendment rights because the trial court prevented him from cross examining one of the victims about her sexual activity. *Id.* at 1. Judge Williams then determined that both grounds are procedurally barred. With regard to the first ground for relief, Judge Williams found that Miller failed to raise his ineffective assistance of counsel claim in the state courts and failed to show cause for this procedural default. *Id.* at 9. Judge Williams further found that even if this claim was not procedurally barred, it would fail on the merits. *Id.* at 10-11.

As for the second ground for relief, Judge Williams found this claim was also procedurally barred. *Id.* at 11-13. Again, Judge Williams noted that Miller failed to present the issue in the State court and did not provide a reason or excuse for this failure. *Id.* at 12. Judge Williams also found that this claim would fail on the merits because Miller cited no Supreme Court precedent illustrating "that the State court's ruling barring cross examination of the victim about her prior sexual activity was in error." *Id.* Judge Williams concluded that any error in preventing cross examination of the witness was harmless. *Id.* at 13.

Finally, Judge Williams recommended that I decline to grant a COA as to either claim for relief because Miller failed to make a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253. *Id.*

## IV.  DISCUSSION

Because neither party objected to the R&R, I have reviewed it for clear error. Based on that review, I find that Judge Williams applied the correct legal standards and that the record supports his findings that Miller's claims are procedurally barred and, in any event, would otherwise fail on the merits. As such, I agree with Judge Williams that Miller is not entitled to relief.

I also agree with Judge Williams that a COA is not appropriate. A COA may be granted only when the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Miller-El*, 537 U.S. at 336-37; *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 881 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Thus, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Here, I find that Miller has not made the necessary showing with regard to either of his claims. As such, I will not grant a COA.

## V.  CONCLUSION

For the reasons set forth herein:

1. I **accept** United States Magistrate Judge C.J. Williams' June 22, 2016, Report and Recommendation (Doc. No. 30) without modification. *See* 28 U.S.C. § 636(b)(1).

5

2.	Pursuant to Judge Williams' recommendation, petitioner's petition (Doc. Nos. 1, 22) for writ of habeas corpus is **denied** and this action is **dismissed**.

3.	I decline to grant a certificate of appealability with regard to any of petitioner's claims.  Should petitioner wish to seek further review of his petition, he may request a certificate of appealability from a Judge of the United States Court of Appeals for the Eighth Circuit.  *See Tiedeman v. Benson*, 122 F.3d 518, 520-22 (8th Cir. 1997).

**IT IS SO ORDERED.**

**DATED** this 6th day of September, 2016.

_____
LEONARD T. STRAND
UNITED STATES DISTRICT JUDGE